# United States Court of Appeals

### For the Eighth Circuit

_____

No. 17-2130
_____

Kieshia Mace

*Plaintiff - Appellee*

v.

Corey Willis, individually; Kickbox Dakota, LLC, a South Dakota Limited
Liability Company

*Defendants - Appellants*

David Borchardt

*Defendant*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: June 14, 2018
Filed: July 26, 2018

_____

Before WOLLMAN, ARNOLD, and KELLY, Circuit Judges.

_____

KELLY, Circuit Judge.

Corey Willis and his kickboxing gym, Kickbox Dakota LLC, appeal from the district court's[1] order granting former employee Kieshia Mace relief under the Uniformed Services Employment and Reemployment Rights Act (USERRA or the Act).

Mace, a member of the South Dakota National Guard, was working at Kickbox Dakota when she left for three weeks of mandatory military training. In the months leading up to her departure, Mace was averaging 13.6 hours per week at Kickbox Dakota. Mace, like the other fitness trainers, was not guaranteed shifts at the gym. Instead, Kickbox Dakota's owner, Willis, or his general manager would schedule trainers like Mace for shifts using a mobile app, and would sometimes call Mace in to cover shifts for absent coworkers. There is no dispute that Mace timely notified Willis that she was a member of the National Guard, and that her departure was for mandatory military training.

While Mace was away at training, Willis deleted her from the scheduling app and hired a new employee to take shifts at the gym. When Mace returned, she asked why she could not access the app. Two days after Mace returned, Willis hired another new employee. Meanwhile, Willis's general manager told Mace she had been replaced. Although Willis later offered to put Mace back on the schedule, she decided to find other work instead. She filed this lawsuit. After a bench trial, the district court found that Willis had violated USERRA by failing to promptly reemploy Mace, and that the violation was willful. On appeal, we review the district court's fact-finding for clear error and its legal conclusions de novo. Lisdahl v. Mayo Found., 633 F.3d 712, 717 (8th Cir. 2011).

---

[1]The Honorable Veronica Duffy, United States Magistrate Judge for the District of South Dakota, to whom the case was submitted by consent of the parties under 28 U.S.C. § 636(c).

USERRA protects "any person whose absence from a position of employment is necessitated by reason of service in the uniformed services . . . ." 38 U.S.C. § 4312(a). The Act generally "entitle[s]" these service members, with some limitations not relevant here, to reemployment "in the position of employment in which [they] would have been employed if [their] continuous employment . . . had not been interrupted" by military service. Id. § 4313(a)(1)(A), (a)(2)(A). And although "USERRA cannot put the employee in a *better* position than if he or she had remained in the civilian employment position," 20 C.F.R. § 1002.42(c) (emphasis added), the Act "must be broadly construed in favor of its military beneficiaries." Maxfield v. Cintas Corp. No. 2, 427 F.3d 544, 551 (8th Cir. 2005) (quoting Hill v. Michelin N. Am., Inc., 252 F.3d 307, 312–13 (4th Cir. 2001)).

Willis argues that he is not liable under USERRA because he *did* put Mace back in the same position she left when she departed for training: an employee whom he had complete discretion to assign no shifts at all. We disagree. The facts clearly indicate that Willis replaced Mace and did not later reemploy her. Willis and his general manager used the app to schedule employees' shifts, so the effect of removing Mace from the app was to remove her from the pool of eligible workers. Willis also hired two additional staff members—one while Mace was gone, and one shortly after she returned—and told Mace (through his manager) that she had been replaced.

Because Willis did not promptly reemploy Mace following her military service, he and Kickbox Dakota can only avoid USERRA liability if the Act does not apply to employees who lack guaranteed shifts. But it does. The Act's implementing regulations make clear that even temporary, probationary, and seasonal employees enjoy USERRA protections. 20 C.F.R. § 1002.41 ("USERRA rights are not diminished because an employee holds a temporary, part-time, probationary, or seasonal employment position."); see also 38 U.S.C. § 4316(c)(2). And although employers have an affirmative defense when the job in question "was for a brief, nonrecurrent period and there is no reasonable expectation that the employment

would have continued indefinitely or for a significant period," 20 C.F.R. § 1002.41, Willis did not raise it in the district court or on appeal. Nor does Willis invoke any of USERRA's other exceptions. See, e.g., 38 U.S.C. § 4312(d). Accordingly, Willis and Kickbox Dakota were obligated to promptly reemploy Mace upon her return from mandatory military training. Though this requirement may burden employers like Kickbox Dakota, the Act reflects Congress's determination that, in the main, this burden is justified to ensure that members of the armed forces do not lose their livelihoods because of their service to the nation. See 38 U.S.C. § 4312(d) (providing employers with only limited statutory exemptions); Maxfield, 427 F.3d at 551.

Willis also briefly contests the district court's finding that he willfully violated USERRA. This is a factual argument and Willis has not shown clear error. At trial, Willis testified that he knew members of the armed forces enjoyed reemployment rights, and Mace testified that she warned Willis's general manager that Kickbox Dakota was probably violating its obligations under the Act. These facts support the inference that Willis (and by extension, Kickbox Dakota) "knew or showed reckless disregard for whether its conduct was prohibited by the Act." 20 C.F.R. § 1002.312(c). Because the district court's finding of willfulness was not clearly erroneous, Mace is entitled to liquidated damages. See id.

For these reasons, we affirm the judgment of the district court.

_____